UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SPECTRUM TRUCKING CO., INC.,

    Plaintiff,

v.                                       Case No.3:05-cv-181-J-12HTS

ACORDIA NORTHWEST, INC., etc.,

    Defendant.

## O R D E R

This cause is before the Court on the Defendant's Motion to Dismiss [Counts Three and Four of the] Amended Complaint and Memorandum in Support Thereof (Doc.27), filed May 24, 2005. On June 16, 2005, Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Amended Complaint (Doc.31) was filed.

Plaintiff's First Amended Complaint for Damages (Doc.20) asserts four claims arising out of the Defendant's alleged failure to procure excess automobile liability insurance coverage pursuant to an agreement between the parties. The Defendant seeks dismissal of Counts Three and Four of Plaintiff's First Amended Complaint for Damages arguing that while those claims are labeled as claims for negligent misrepresentation, they are actually claims for fraudulent inducement barred under Florida's economic loss doctrine.

All four counts of Plaintiff's First Amended Complaint for Damages seek to recover the amount Plaintiff paid in conjunction with an automobile accident due to the Defendant's alleged failure to procure excess automobile liability insurance coverage. Counts One and

Two are pled in the alternative and seek recovery for breach of either a written or oral contract respectively. Counts Three and Four assert claims for Negligent Misrepresentation and Negligent Misrepresentation Under Restatement of Torts 2d, §522. Count Four is pled in the alternative to Counts One, Two, and Three.

As an initial matter, the Plaintiff does not appear to be attempting to make a double recovery or to evade the terms of a contract by seeking to recover additional damages not permitted by its terms. See, Plaintiff's Memorandum in Opposition, Doc.31 at 3. All four counts of the Amended Complaint seek damages for the amount paid in conjunction with the same automobile accident due to the Defendant's alleged failure to procure excess automobile liability coverage.

The Plaintiff is permitted to assert alternative inconsistent theories of recovery pursuant to Fed.R.Civ.P. 8. Also, the policy underlying the economic loss rule of preventing parties from escaping the terms of their contract and seeking to recover additional damages by asserting tort claims based upon the same conduct constituting the breach of contract does not appear to be implicated in this case. See, e.g., Indemnity Ins. Co. of N. America v. Amer. Aviation, Inc., 891 So.2d 532, 536 (Fla.2004).

The Court is of the opinion that Counts Three and Four of Plaintiff's First Amended Complaint for Damages are not properly re-characterized as claims for fraudulent inducement. In both Counts Three and Four, the Plaintiff claims that the Defendant did not exercise reasonable care in obtaining or communicating information to the Plaintiff concerning the excess liability coverage, that it supplied false, misleading or inaccurate information, knowing that the Plaintiff would rely on such information. These allegations do not constitute claims for fraud or fraudulent inducement as Plaintiff does not assert that

2

the Defendant knew the information was false or that it intentionally provided the false, misleading or inaccurate information, but instead asserts that the Defendant failed to exercise reasonable care in providing information. The Defendant acknowledges that claims for negligent misrepresentation are recognized as an exception to the economic loss doctrine. Defendant's Motion to Dismiss, Doc.27 at 7.

"Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from the acts that breached the contract." Indemnity Ins. Co. of N. America, 891 So.2d at 537 (quoting HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla. 1996)). This exception to the economic loss rule means that when a contract exists between two parties, a claim for fraudulent or intentional misrepresentation may also be asserted if the acts constituting the fraudulent or negligent misrepresentation are separate from the acts that constitute the breach of contract.

In this case, it appears that the acts which form the basis of Counts Three and Four for negligent representation may be the same acts that form the basis of Counts One and Two for breach of contract, however, at this stage of the proceedings, it appears that there is a factual issue as to whether a written or oral contract existed between the parties regarding the procurement of excess insurance coverage. If no oral or written contract existed between the parties, the economic loss rule does not apply.

For those reasons, it appears to the Court that dismissing Counts III and IV based on the economic loss doctrine would be premature. The parties will have the opportunity to address this issue of the applicability of the economic loss rule to the Plaintiff's claims in this case on a motion for summary judgment or other motion after having an opportunity for further factual development. Accordingly, it is

**ORDERED AND ADJUDGED:**

That Defendant's Motion to Dismiss [Counts Three and Four of the] Amended Complaint (Doc.27) is denied.

**DONE AND ORDERED** this  29TH  day of July 2005.

*Howell W. Melton*
Howell W. Melton
Senior United States District Judge

Copies to:   Counsel of Record

4