UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SPECTRUM TRUCKING CO., INC.,

    Plaintiff,

v.                                                          No.3:05-cv-181-J-12HTS

ACORDIA NORTHWEST, INC., etc.,

    Defendant.

## ORDER

This cause is before the Court on Defendant's Motion for Summary Judgment and accompanying materials in support (Docs.43 and 44), filed December 21, 2005. The Plaintiff's response in opposition and supporting materials (Docs.49-51), were filed January 24, 2006.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The purpose of summary judgment is to dispose of unsupported claims or defenses which, as a matter of law, do not raise issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of demonstrating

to the Court "by reference to materials on file, that there is no genuine issue of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.604, 608 (11th Cir. 1991). A court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-150 (2000) (discussing standard for granting judgment as a matter of law under Fed.R.Civ.P. 50, which mirrors the standard for granting summary judgment under Rule 56); Hinson v. Clinch County Bd. of Educ., 231 F.3d 821, 826-27 (11th Cir. 2000). The Court considers the entire record, but must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 530 U.S. at 151; Hinson, 231 F.3d at 827.

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there is a material issue of fact that precludes summary judgment. Clark, 929 F.2d at 608. The non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts, through affidavits or other forms of evidence provided for by the rules. Adickes v. SH. Kress & Co., 398 U.S. 144, 157 (1970).

"[T]he inquiry is whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252-52. A genuine issue of material fact exists where there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. Hayes v. City of Miami, 52 F.3d 918, 921 (11th Cir.1995); United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

The Plaintiff filed this action asserting that the Defendant breached a written or oral contract regarding the procurement of excess insurance coverage and that it made

2

negligent misrepresentations with regard to such procurement. See Amended Complaint, Doc. 20. After considering the record carefully, the Court finds that genuine issues of material fact preclude summary judgment on Plaintiff's breach of oral contract and negligent misrepresentation claims (Second, Third, and Fourth Causes of Action set forth in the Amended Complaint), but that summary judgment should be entered on behalf of the Defendant on the Plaintiff's breach of written contract claim (First Cause of Action set forth in the Amended Complaint.[1]

Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED**:

That Defendant's Motion for Summary Judgment (Doc.43) is granted as to Plaintiff's' claim for breach of written contract set forth as the First Cause of Action in the Amended Complaint and is denied in all other respects, that is, as to the Second, Third, and Fourth Causes of Action in the Amended Complaint.

**DONE AND ORDERED** this 12TH day of April 2006.

Howell W. Melton
Senior United States District Judge

Copies to:   Counsel of Record

---

[1] In its response in opposition to the motion for summary judgment, Doc.49 at p.3, n.1, the Plaintiff states: "[a]s anticipated by Spectrum, it does not appear that the record in this case will allow Spectrum to proceed with its claim for breach of written contract embodied in Count 1 of the Complaint." The Plaintiff did not otherwise discuss its claim for breach of written contract or point to evidence in the record to support its claim for breach of written contract.