UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SPECTRUM TRUCKING CO., INC.,

    Plaintiff,

v.                                      No.3:05-cv-181-J-12HTS

ACORDIA NORTHWEST, INC., etc.,

    Defendant.

## ORDER

This cause is before the Court on the Defendant's Renewed Motion for Summary Judgment and Memorandum of Law in Support Thereof (Doc.63), filed May 30, 2006. The Plaintiff's response in opposition (Doc.65) was filed June 20, 2006. On June 26, 2006, the Defendant filed a reply to the Plaintiff's response (Doc.66).

This action involves the Plaintiff's claims for breach of contract and negligent misrepresentation regarding the procurement of excess automobile liability insurance. The Plaintiff claims that the Defendant agreed to procure the excess automobile liability insurance and represented to the Plaintiff that it was covered, when in fact the coverage was never obtained. During the time period of the alleged coverage, one of the Plaintiff's trucks was involved in an automobile accident resulting in the death of Nathan Hendricks. The Plaintiff entered into a state court consent judgment in favor of the Hendricks estate. Part of that judgment was paid by the Plaintiff's and the driver's underlying automobile insurance policies. The Plaintiff filed this action seeking to recover the unpaid portion of the state court consent judgment against the Defendant under the theories set forth in the

Amended Complaint.

By Order (Doc.54) filed April 13, 2006, the Court granted the Defendant's Motion for Summary Judgment (Doc.43) as to the Plaintiff's' claim for breach of written contract set forth as the First Cause of Action in the Amended Complaint, and denied its motion in all other respects, that is, as to the Second, Third, and Fourth Causes of Action in the Amended Complaint. At the Pretrial Conference scheduled for April 26, 2006, the Court permitted the parties to further address two issues: 1) whether the Plaintiff's Indemnity and Hold Harmless Agreement with the Hendricks estate constituted a release from all liability on the state court consent judgment such that the Plaintiff's causes of action against the Defendant for breach of oral contract or negligent misrepresentation regarding the procurement of excess automobile insurance are extinguished because the Plaintiff cannot establish the requisite element of damages; and 2) whether the Plaintiff may properly seek as part of its damages "pre-judgment interest." For the reasons set forth below, the Court will deny the Defendant's Renewed Motion for Summary Judgment (Doc.63).

The Defendant argues that pursuant to the Indemnity and Hold Harmless Agreement with the Hendricks estate, the Plaintiff has been released from all liability under the state court consent judgment and thus cannot establish the requisite element of damages to support its causes of action. The Indemnity and Hold Harmless Agreement with the Hendricks estate (the agreement) is attached to the Defendant's Renewed Motion for Summary Judgment (Doc.63) as Exhibit 2. Page two of the agreement acknowledges that the Plaintiff "has an ongoing dispute with [Defendant] regarding [Defendant's] negligent failure to procure excess automobile/truckers liability insurance on its behalf" and states that the Hendricks estate "will look solely to the proceeds, obtained by [Plaintiff] in

2

its claim against [Defendant] for the satisfaction of the remaining" portion of the state court consent judgment. Page three of the agreement recites that the Hendricks estate's "agreement to forebear execution and enforcement against [Plaintiff] shall not be deemed a release under the provisions of [state law] so as to prevent [the Hendricks estate] from realizing upon any monies or other payments received from [Defendant] ...." Pages five and six of the agreement also refer to a suit or claim to be brought by the Plaintiff against the Defendant. Page seven of the agreement states that the Plaintiff is absolved from any and all further payment to the Hendricks estate "<u>EXCEPT FOR</u> proceeds received, if any, from the [Plaintiff's] litigation against [Defendant] for any amount over and above the [amount] already paid in partial satisfaction of the [state court consent judgment].... (emphasis in original)"

Among the cases cited by the parties in their submissions, none of which presents the precise factual situation before the Court, the Court finds particularly persuasive, the decision in <u>Rosen v. Florida Insurance Guaranty Association</u>, 802 So.2d 291 (Fla.2001). In that case, the Florida Supreme Court makes clear that in determining whether a claim arising in the context of insurance coverage has been fully released or extinguished pursuant to an agreement, the intent of the parties is controlling. <u>Id</u>. at 295, 297.

In this case, the Court cannot read the language of the agreement to extinguish the Plaintiff's causes of action against the Defendant when the entire agreement clearly contemplates that such causes of action would be prosecuted. The Hendricks estate simply agreed to look only to the proceeds, if any, from such litigation to satisfy the outstanding balance on the state court consent judgment. That is, the Hendricks estate agreed to limit its ability to recover the outstanding balance on the state court consent

judgment to any recovery against the Defendant in the instant action, but did not fully release the Plaintiff from any further liability whatsoever. In order to construe the agreement as a full release as urged by the Defendant, the Court would have to ignore substantial portions of the agreement that clearly contemplate that the Plaintiff would pursue the instant action. The Court finds that it would be contrary to the parties' intent to construe the agreement as intending to extinguish the causes of action for breach of oral contract or negligent misrepresentation against the Defendant or as a satisfaction of the state court consent judgment. As a result, the Court will deny the Defendant's Renewed Motion for Summary Judgement on this ground.

The Defendant also seeks summary judgment on the issue of whether the Plaintiff may recover "pre-judgment interest." As the Plaintiff explains in its response to the Defendant's Renewed Motion for Summary Judgment (Doc.65), it is not seeking pre-judgment interest as that term is usually understood, but rather is seeking the post-judgment interest on the unpaid portion of the state court consent judgment which was awarded as part of that judgment by operation of state law. The Court finds that the Plaintiff is entitled to seek as part of its damages in this case, the statutorily imposed post-judgment interest accrued on the unpaid portion of the state court consent judgment. The Court will thus deny the Defendant's Renewed Motion for Summary Judgment (Doc.63) on this ground as well.

Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED**:

1) That the Defendant's Renewed Motion for Summary Judgment (Doc.63) is denied; and

2) That the Pretrial Conference in this case is scheduled for Wednesday, August 30, 2006, at 10:00 a.m. in Courtroom 12A.

**DONE AND ORDERED** this 9TH day of August 2006.

Howell W. Melton
Senior United States District Judge

Copies to:   Counsel of Record